870 March 18, 2026 No. 215

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAKOB PAUL AZEVEDO,
*Defendant-Appellant.*

Washington County Circuit Court
20CR27536; A179500

Brandon M. Thompson, Judge.

Argued and submitted November 1, 2024.

Jason E. Thompson argued the cause for appellant. Also on the brief was Thompson Law, LLC.

Leigh Salmon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for manslaughter in the second degree, reckless driving, and driving under the influence of intoxicants (DUII). In a single assignment of error, defendant argues that the trial court erred in denying his motion to suppress evidence of the state police forensic lab's test results showing defendant's blood alcohol content (BAC), asserting that it was derived from an illegal seizure in violation of Article I, section 9, of the Oregon Constitution. We conclude that we need not reach the issue because, even if the trial court erred in admitting the test results, any error was harmless given other evidence of defendant's blood alcohol content and intoxication. Accordingly, we affirm.

Although the parties are familiar with the factual and procedural history, we set forth a brief recitation of the undisputed facts for this nonprecedential memorandum opinion. Defendant was charged with second-degree manslaughter, reckless driving, and DUII resulting from a car crash that caused the death of the driver of the other car. Defendant was taken to the emergency room, where his blood was drawn approximately two hours after the crash, revealing a 0.17 BAC based on the hospital's testing. He had a second blood draw about four hours after the first one, which was tested and showed a 0.09 BAC. The hospital alerted the police to the test results, and an officer called the hospital lab and asked that the lab put the first blood sample on hold while the officer wrote a search warrant. Two days later, the officer executed the search warrant and obtained the blood sample. The Oregon State Police (OSP) forensic lab tested the seized blood, which revealed a 0.11 BAC.

Before trial, defendant moved to suppress all evidence of defendant's medical records, including the results of the blood tests. At the suppression hearing, defendant argued, among other contentions, that when the officer called the hospital lab to put a "hold" on the blood sample while the police sought a warrant, that was an unlawful seizure by law enforcement. The trial court denied defendant's motion, concluding that the officer's request to the hospital to hold the sample did not constitute an unconstitutional

seizure because the officers did not have possession over the sample and because hospital staff were not required to hold the sample merely because the police asked. Following the denial of his motion, defendant pleaded guilty to DUII and proceeded to a jury trial on the remaining charges. The jury returned guilty verdicts on second-degree manslaughter and reckless driving. Defendant timely appeals.[1]

On appeal, defendant contends that the trial court erred in admitting the exhibit of OSP's test of the initial blood sample showing defendant's 0.11 BAC. We conclude that, even if the court erred in admitting the challenged evidence, any error was harmless. Under Article VII (Amended), section 3, of the Oregon Constitution, we must affirm a judgment despite an error if there is "little likelihood that the error affected the verdict." *State v. Davis*, 336 Or 19, 30-32, 77 P3d 1111 (2003). To determine whether erroneously admitted evidence affected the verdict, "we consider the nature of the evidence in the context of the trial as a whole." *State v. Simon*, 294 Or App 840, 849, 433 P3d 385 (2018), *rev den*, 365 Or 502 (2019). In considering harmlessness, we "review all portions of the record, not just the evidence most favorable to the state." *Id.* Moreover, "[a]mong other factors, we consider whether the evidence was cumulative of other evidence admitted without objection, which includes assessing any differences in the quality of the erroneously admitted or excluded evidence as compared to the other evidence on the same issue." *Id.*

At trial, the court admitted an exhibit containing all of defendant's medical records, including the blood test results from those records showing a 0.17 and 0.09 BAC. The state further offered into evidence—and the court received—an exhibit of the OSP analytical report with the retesting of the original blood sample, showing a 0.11 BAC. Dr. Jackson, who performed the blood test for OSP, clarified that the hospital used a different testing method, which explained why the same blood sample resulted in a 0.17 BAC in one test and a 0.11 BAC in another. Jackson further testified that the test result showing a 0.09 BAC from the blood sample taken a few hours later was consistent with the normal metabolism of alcohol. In response to a hypothetical

---

[1] Defendant does not challenge his DUII conviction on appeal.

posed by the prosecutor, Jackson opined that someone who weighed 215 pounds would have to drink approximately four to six alcoholic beverages to reach a 0.11 BAC and six to 10 alcoholic beverages to reach a 0.17 BAC. Although the officers at the scene did not see defendant exhibiting signs of intoxication, they testified to observing alcoholic beverages and empty beer cans near defendant's truck.

During closing arguments, the state relied heavily on defendant's BAC test results to argue to the jury that defendant acted recklessly by driving while intoxicated. Specifically, the state argued that, because defendant's blood tests showed that he had a BAC between 0.11 and 0.17, it meant that defendant had between five to eight drinks in his system at that time of the first blood draw. During rebuttal argument, the state contended that, given the evidence, defendant driving while over the legal limit of 0.08 BAC was reckless.

To the extent that the state argues on appeal that admitting the evidence was harmless because the primary issue at trial was causation—*viz.*, which driver crossed the center line causing the crash—we reject that argument because evidence of defendant's BAC was relevant to the recklessness element of reckless driving, which also was at issue at trial. Despite our rejection of that argument, however, we nevertheless conclude that any error was harmless. That is, even if the OSP test results showing a 0.11 BAC were suppressed, the jury also heard evidence of the hospital's test results showing defendant had a 0.17 BAC two hours after the crash and a 0.09 BAC a few hours later. Moreover, although the state mentioned the 0.11 BAC test result during closing, in the context of other evidence of defendant's intoxication—including the testimony from Jackson about how many alcoholic beverages it would take to reach different BAC levels, testimony from officers at the scene that there were empty beer cans near defendant's truck, and defendant's conviction for DUII—there is little likelihood that the jury's determination that defendant acted recklessly would have turned on the 0.11 BAC test result. Therefore, any error in admitting OSP's blood test showing 0.11 BAC was harmless.

Affirmed.